# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FREEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>ST. CLAIR, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00621-AWI-BAM (PC)<br><br>ORDER REOPENING CASE<br><br>(ECF No. 14) |

Plaintiff Larry Freeman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 24, 2019, the assigned Magistrate Judge granted Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal. (ECF No. 10.) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, this action would be dismissed for failure to state a claim and failure to obey a court order. (Id. at 12.)

On June 11, 2019, following Plaintiff's failure to communicate with the Court, the Magistrate Judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to state a claim, failure to obey a Court order, and failure to prosecute. (ECF No. 11.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 13.)

On July 12, 2019, after a *de novo* review of the case, the Court adopted the findings in full and dismissed this action, with prejudice, due to Plaintiff's failure to state a claim, failure to obey

1

a court order, and failure to prosecute. (ECF No. 12.)  Judgment was entered the same date. (ECF No. 13.)

On July 15, 2019, the Clerk filed Plaintiff's objections to the findings and recommendations.  That document is dated July 9, 2019, more than a week after the applicable deadline for filing objections. (ECF No. 13.)  In this filing, Plaintiff explains that he has been bedridden since February 13, 2019, he has been transferred to a new facility, is awaiting his property and legal materials, and has been denied writing materials.  See id.  This constellation of events has prevented Plaintiff from properly responding to court orders.  See id.  Plaintiff requests an extension of time of 120 days in which to follow court orders.  See id.

The Court will assume that Plaintiff gave his objections to prison personnel either on the date of the objections or the following day, that is, either July 9, 2019 or July 10, 2019.  Under the prison mailbox rule, a document by a prisoner is considered filed on the date that the prisoner gives the document to prison officials for mailing.  See Dougles v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).  Through application of the mailbox rule, although Plaintiff's objections are outside the time set by the Findings and Recommendation, they predate the Court's adoption of the Findings and Recommendation.  Rainer v. Chapman, 245 F. App'x 698, 699 (9th Cir. 2007); Sharonoff v. Montoya, 2017 U.S. Dist. LEXIS 175430, *1-*2 (E.D. Cal. Oct. 20, 2017); Turner v. Sacramento Cnty, 2010 U.S. Dist. LEXIS 134272, *1 (E.D. Cal. Dec. 20, 2010).

In these circumstances, the Court finds that relief from judgment and the order adopting the Findings and recommendation is appropriate.  The Court's order adopting is mistaken in that it noted that no objections had been made.  Obviously because of the lag between mail and receipt, the Court did not and could not have actually considered Plaintiff's objections in connection with the order adopting the findings and recommendation.  Plaintiff's objections provide reasons for his failure to follow court orders.  Being bedridden and without legal materials and writing materials would make it difficult to file an amended complaint or correspond with the court in a prompt manner.  Additionally, Plaintiff's complaint indicates that he has a significant medical problem involving his spinal cord.  Given the nature of Plaintiff's

objection's, under Rule 60(b)(1), the Court will reopen this case.[1]  Cf. Yniques v. Cabral, 985 F.2d 1031, 1034 (9t h Cir. 1993) (noting that Rule 60(b)(1) encompasses mistakes by the court).

More than 120 days have passed since the filing of the Findings and Recommendation, and Plaintiff has had more than sufficient time to evaluate the Screening Order and the shortcomings identified therein.  Therefore, Plaintiff will be given thirty days from service of this order in which to comply with the Screening Order.  That is, Plaintiff has thirty days to file either a Rule 41(a) dismissal or an amended complaint.  If Plaintiff fails to timely file either of these documents, or a properly supported request for a <u>reasonable</u> extension of time,[2] then the Court will readopt the Findings and Recommendation and close this case without further notice.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The July 12, 2019 order adopting Findings and Recommendation (Doc. No. 12) and the judgment entered on July 12, 2019 (Doc. No. 13) are VACATED;
2. The Clerk shall REOPEN this case;
3. Within thirty (30) days from service of this order, Plaintiff shall comply with the April 24, 2019 screening order; and
4. The failure to timely comply with this order will result in the readoption of the Findings and Recommendation and the closure of this case without further notice.

IT IS SO ORDERED.

Dated:  November 21, 2019

_____
SENIOR DISTRICT JUDGE

---

[1] The Court notes that it may grant relief under Rule 60(b) sua sponte.  Kingvision-Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 352 (9th Cir. 1999).

[2] If Plaintiff seeks additional time based on a medical condition, Plaintiff should identify the medical condition and how it affects his ability to respond to the Court.  Further, any further allegations of being bedridden should include an explanation of the condition that is causing Plaintiff to be bedridden, as well as a medical record that confirms Plaintiff's bedridden status.

3