# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FREEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ST. CLAIR, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00621-AWI-BAM (PC)<br><br>ORDER GRANTING SECOND EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF No. 19)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Larry Freeman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 12, 2019, the assigned District Judge reopened this case and granted Plaintiff an opportunity to file, within thirty (30) days, either a Rule 41(a) dismissal or an amended complaint in compliance with the Court's April 24, 2019 screening order. (ECF No. 16.) Plaintiff was warned that a failure to file either of these documents, or a properly supported request for a <u>reasonable</u> extension of time, would result in the Court's readoption of the undersigned's prior findings and recommendations. The Court further noted that if Plaintiff were to seek additional time based on a medical condition, Plaintiff should identify the medical condition, how it affects his ability to respond to the Court, and further allegations of being bedridden should include an explanation of the condition causing Plaintiff to be bedridden as well as a medical record that confirms Plaintiff's bedridden status. (<u>Id.</u>)

1

On January 21, 2020, the Court granted in part Plaintiff's motion for a 180-day extension of time to file his amended complaint and denied Plaintiff's motion for appointment of counsel. (ECF No. 18.) The Court found that, given Plaintiff's stated difficulties with obtaining access to his property and medical records from his primary care physician, there was good cause to grant Plaintiff an extension of thirty (30) days. Plaintiff was again warned that further requests for a reasonable extension of time should be timely filed and properly supported by good cause. (Id.)

On January 27, 2020, Plaintiff filed a "Request to Enter Notice of Intent to Forward Medical Record Confirming Bedridden Status." (ECF No. 19.) The deadline for Plaintiff to file his first amended complaint has expired, and Plaintiff has not otherwise communicated with the Court. Thus, the Court construes the filing as a further request for extension of time to file the first amended complaint.

In his request, Plaintiff states that he has been instructed by his interim doctor to await the return of his primary care physician, Dr. Austria, from vacation in Asia to affirm to the Court Plaintiff's bedridden status. Dr. Austria apparently read the Court's order on January 13, 2020.[1] Following his doctor's instructions, Plaintiff states that on January 17, 2020, he signed an Authorization for Release of Protected Health Information Form CDCR 7385, and that on the same day he receives the explanation and medical record confirming his bedridden status, Plaintiff will forward that information to the Court. (Id.)

As noted above, the Court has received no other communication from Plaintiff regarding the filing of his first amended complaint, which was due on or before February 24, 2020. The Court also notes that Plaintiff still has not explained how his bedridden status has prevented him from preparing and filing a first amended complaint, when he is clearly able to write and prepare other documents, such as motions for extension of time and the instant motion regarding his medical records. In addition, the prior extension of this deadline was based on Plaintiff's stated difficulties obtaining access to his legal property, which Plaintiff has not addressed in the most recent motion.

---

[1] It appears Plaintiff is referring to the Court's November 21, 2019 order reopening his case, as the Court's next order was not issued until January 21, 2020.

2

Under the circumstances, the Court cannot find that, in the instant motion, Plaintiff has shown good cause for the requested extension of time to file his first amended complaint. Fed. R. Civ. P. 6(b). Plaintiff is not required to submit medical records to support allegations in his complaint, and Plaintiff's motion does not provide any other reasons why he has been unable to file his first amended complaint within the time allowed.

Nevertheless, to provide time for Plaintiff to receive the Court's order and to comply with his obligations, the Court will grant Plaintiff a further extension of the deadline to file his first amended complaint. This should allow Plaintiff sufficient time to review this order, re-review the Court's screening order, and comply with these orders. Plaintiff is advised that he must demonstrate good cause for any further requests for extensions of time, and the Court will narrowly construe what constitutes good cause.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion, (ECF No. 19), is GRANTED IN PART;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in the April 24, 2019 screening order or file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a); and
3. **The failure to timely comply with this order will result in the readoption of the findings and recommendation and the closure of this case without further notice**.

IT IS SO ORDERED.

Dated: **March 2, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE