# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FREEMAN,<br><br>                Plaintiff,<br><br>     v.<br><br>ST. CLAIR, et al.,<br><br>                Defendants. | Case No.  1:18-cv-00621-AWI-BAM (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF DISMISSAL OF COMPLAINT<br><br>(Doc. No. 23) |

Plaintiff Larry Freeman is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On April 24, 2019, the assigned Magistrate Judge granted Plaintiff leave to file a first-amended complaint or a notice of voluntary dismissal.  Doc. No. 10.  Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, this action would be dismissed for failure to state a claim and failure to obey a court order.  Id. at 12.

On June 11, 2019, following Plaintiff's failure to communicate with the Court, the Magistrate Judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to state a claim, failure to obey a Court order, and failure to prosecute. Doc. No. 11.  Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  Id. at 13.

On July 12, 2019, after a *de novo* review of the case, the Court adopted the findings in full

and dismissed this action, with prejudice, due to Plaintiff's failure to state a claim, failure to obey a court order, and failure to prosecute. Doc. No. 12. Judgment was entered the same date. Doc. No. 13.

On July 15, 2019, the Clerk docketed Plaintiff's objections to the findings and recommendations. Doc. No. 14. On November 21, 2019, the Court found that relief from judgment and the order adopting the findings and recommendations was appropriate and ordered Plaintiff to file either a Rule 41(a) dismissal or an amended complaint within thirty (30) days. Doc. No. 16. Plaintiff was warned that failure to timely comply with the Court's order would result in the readoption of the findings and recommendations and the closure of this case without further notice. Id.

Following two extensions of time (Doc. Nos. 18, 20), the deadline expired for Plaintiff to file a Rule 41(a) dismissal, amended complaint, or properly supported request for a reasonable extension of time, and Plaintiff otherwise failed to communicate with the Court. Accordingly, on June 29, 2020, the Court readopted the June 11, 2019 findings and recommendations in full and dismissed this action, with prejudice, due to Plaintiff's failure to state a claim, failure to obey a court order, and failure to prosecute. Doc. No. 21. Judgment was entered the same date. Doc. No. 22.

Currently before the Court is Plaintiff's motion for clarification and reconsideration of dismissal, filed October 29, 2020. Doc. No. 23. Plaintiff contends that he mailed a completed amended complaint to the Court in February 2020, a response to the Court's order granting his second extension of time in March 2020, and a response to the Court's order readopting the findings and recommendations in July 2020. However, Plaintiff states, none of these mailings were received by the prison mailroom to process for mailing, and there are no entries in the prison's legal mail log that these were ever received. Plaintiff states that he cannot provide exact dates of the mailings because he fears that prison staff will falsify a dated log using those dates. Plaintiff includes other allegations regarding mail tampering by prison staff related to other legal mailings and grievance forms. The Court will construe the filing as a motion for reconsideration.

In his motion, it appears Plaintiff is requesting that the Court reopen his case yet again to

provide him an opportunity to file an amended complaint, based on his statements that his legal mail was prevented from reaching the Court.  However, Plaintiff has provided no support, other than his own assertions, that he actually prepared an amended complaint or any other document for filing with the Court.  Plaintiff has not provided copies of any of the documents he attempted to file, nor has he provided a copy of the legal mail log he received from the prison mailroom.

The Court has discretion to reconsider and either vacate or stand on a prior order.  Barber v. Hawai'i, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect . . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Additionally, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Eastern District of California Local Rule 230(j)(3).  Plaintiff has not met that burden.

The Court finds no good cause to grant Plaintiff reconsideration and reopen this action.  Accordingly, Plaintiff's motion for reconsideration (Doc. No. 23) is HEREBY DENIED.  This action remains closed.

IT IS SO ORDERED.

Dated:   December 21, 2020

SENIOR  DISTRICT  JUDGE

3